**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JORGE L. QUINTANA, SR.,

                            Plaintiff,

    - v -                                         Civ. No. 1:19-CV-644
                                                    (BKS/DJS)

COLDWELL BANKER TIMBERLAND PROPERTIES;
JOHN PATRICK LOWE, *sued in their individual and*
*official capacities*; and ROBERT J. SCHNEIDER, *et al.*,

                            Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

JORGE L. QUINTANA, SR.
Plaintiff, *Pro Se*
23 Railroad Avenue
Stamford, New York 12167-1200

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Jorge Quintana. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The allegations in the Complaint relate to ongoing proceedings involving Plaintiff in Bankruptcy Court in the Western District of Texas. *See generally* Compl. In particular, the allegations concern the proposed sale of Plaintiff's property by the bankruptcy trustee. *See, e.g., id.* at ¶¶ 23-26 & 43-46. Plaintiff's claims are somewhat unclear though he appears to assert claims under New York's Home Equity Theft Prevention Act, *id.* at ¶¶

3

41-49, cites various provisions of the United States Code, including sections 1891, 1982, 1983, and 1985 of Title 42, *id.* at ¶¶ 1 & 50-60, and alleges Fourth Amendment violations on the part of Defendants for interfering with Plaintiff's right of ownership in real property. *Id.* at ¶¶ 61-75.  Among those named as Defendants are the bankruptcy trustee and the real estate agent retained by the trustee to sell the property at issue here. *Id.* at ¶¶ 4-5.  Plaintiff objects to the retention of the broker, Defendant Robert Schneider, on the ground that he is an interested person in the proceedings and, therefore, his involvement in the proposed sale of the property is unlawful. *See*, *e.g.*, *id.* at ¶¶ 7 & 31.

### C. Review of the Complaint under Section 1915(e)

The Complaint in this case relates directly to ongoing bankruptcy proceedings pending in the United States Bankruptcy Court for the Western District of Texas. *In re Quintana*, No. 19-50029.  While the precise nature of the allegations in this action are not set forth with precision, Plaintiff clearly objects in this litigation to the retention of Defendant Schneider for purposes of selling property on behalf of the estate.  Compl. at ¶¶ 7, 31, & 68.  That appointment was requested by Defendant Lowe, the bankruptcy trustee, in part pursuant to 11 U.S.C. § 327. *In re Quintana*, No. 19-50029, Dkt. No. 195 at p. 1.  The Bankruptcy Court approved the appointment. *Id.* at Dkt. No. 249.  The Court has also already approved the sale of the property. *Id.* at Dkt. No. 246.[1]

---

[1] The Court takes judicial notice of documents filed on the docket in the Bankruptcy Court for the Western District of Texas. *Rodriguez v. Goord*, 2009 WL 3122951, at *2 (N.D.N.Y. Sept. 28, 2009).

Section 327 authorizes a trustee, with court approval, to employ "professional persons, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to represent or to assist the trustee in carrying out the trustee's duties. 11 U.S.C. § 327(a). A real estate broker engaged to liquidate a debtor's property is a professional person within the meaning of section 327. *In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d 253, 257 (2d Cir. 1996). 28 U.S.C. 1334(e) provides:

> (e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction--
> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
> (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

Given that Plaintiff's allegations in this Complaint relate directly to his assertion that Defendant Schneider is not a disinterested person, it seems clear that the claims raised here involve the propriety of that appointment under section 327. As such, the claims raised here are subject to exclusive jurisdiction in the Western District of Texas. *Id.* The Complaint, therefore, should be dismissed for lack of jurisdiction.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED** without prejudice to Plaintiff's right to commence an action in a court of competent jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  July 8, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).