# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JORGE L. QUINTANA, SR.,

                       Plaintiff,              1:19-cv-00644 (BKS/DJS)

v.

COLDWELL BANKER TIMBERLAND PROPERTIES;
JOHN PATRICK LOWE; and ROBERT J. SCHNEIDER,

                       Defendants.

**Appearances:**

*Plaintiff, pro se*:
Jorge L. Quintana, Sr.
Stamford, NY 12167

*For Defendant Coldwell Banker:*
David B. Cabaniss, Esq.
Cabaniss Casey LLP
4 Tower Place, Suite 100
Albany, NY 12203

*For Defendants Lowe and Schneider:*
Ryan M. Poplawski, Esq.
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

On May 31, 2019, Plaintiff pro se Jorge L. Quintana, Sr., filed a complaint which raises claims concerning the sale of property in Stamford, New York, that has been ordered by the United States Bankruptcy Court for the Western District of Texas (the "Texas bankruptcy

proceeding"). (Dkt. No. 1); *see In re Quintana*, No. 19-bk-50029 (W.D. Tex. June 24, 2019), ECF No. 246. Plaintiff, who is one of the debtors in the Texas bankruptcy proceeding, has named as defendants the Chapter 7 Trustee, John Patrick Lowe; the real estate agency Coldwell Banker Timberland Properties; and the listing agent Robert J. Schneider. (Dkt. No. 1). Although the exact nature of Plaintiff's claims is not clear, he objects to the Trustee's employment of Defendant Schneider as the real estate broker under 11 U.S.C. § 327. (*Id.* ¶¶ 7, 31, 68). The complaint purports to raise claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and the New York State Home Equity Theft Prevention Act. (*See generally id.*).

This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on July 8, 2019, issued a Report-Recommendation recommending that plaintiff's complaint be dismissed without prejudice for lack of jurisdiction because the United States Bankruptcy Court for the Western District of Texas has exclusive jurisdiction over Plaintiff's claims. (Dkt. No. 19). Defendant Lowe filed a cross-motion to dismiss the complaint, concurring in the Report-Recommendation. (Dkt. No. 25-1). Plaintiff filed an objection to the Report-Recommendation. (Dkt. No. 27). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II. STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (internal quotation marks omitted). Findings and recommendations for which there was no properly preserved objection are reviewed for clear error. *Id*.

## III. DISCUSSION

In the Report-Recommendation, Magistrate Judge Stewart determined that this Court does not have jurisdiction because under 28 U.S.C. § 1334(e) Plaintiff's claims are subject to the exclusive jurisdiction of the Bankruptcy Court in the Western District of Texas. (Dkt. No. 19, at 4-5). Magistrate Judge Stewart noted that the Chapter 7 Bankruptcy Trustee, Defendant Lowe, requested the appointment of Defendant Schneider for the purpose of selling the Stamford property in accord with 11 U.S.C. § 327(a), and that the Bankruptcy Court approved that appointment. *See In re Quintana*, ECF Nos. 195, 249. The Bankruptcy Court has already approved the sale of the property. *Id.*, ECF No. 246.

Plaintiff has filed an objection to the Report-Recommendation asserting that his claims are subject to the "exclusive jurisdiction in the Northern District of New York" and the Bankruptcy Court "lacks constitutional authority." (Dkt. No. 27, at 8–10). Plaintiff's arguments are entirely without merit. Under § 1334(e), the United States Bankruptcy Court for the Western District of Texas has exclusive jurisdiction: "(1) of all property, wherever located, of the debtor as of the commencement of the case, and of property of the estate; and (2) over all claims or causes of action that involve construction of [11 U.S.C. § 327 of title 11] or rules relating to disclosure requirements under section 327." Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 19) is **ADOPTED** in all respects; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 13, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge